1  John D. Cline (State Bar No. 237759)
   cline@johndclinelaw.com
2  LAW OFFICE OF JOHN D. CLINE
   One Embarcadero Center, Suite 500
3  San Francisco, CA  94111
   Telephone:  (415) 662-2260
4  Facsimile:  (415) 662-2263

5

6  Attorney for Defendant
   TIMOTHY POWERS

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            No. CR-11-00722  PJH

12              Plaintiff,

13     v.                                **SENTENCING MEMORANDUM ON
                                          BEHALF OF TIMOTHY POWERS**
14  TIMOTHY POWERS,

15              Defendant.                 Date:   December 20, 2017
                                           Time: 2:30 p.m.
16

17

18

19

20

21

22

23

24

25

26

27

28

**TIMOTHY POWERS SENTENCING
                                                MEMORANDUM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Timothy Powers, through undersigned counsel, respectfully submits this sentencing memorandum.  Mr. Powers asks that the Court impose a sentence of probation without home detention, restitution of $31,068 (as provided in the plea agreement), a fine of $20,000, and community service.  For the reasons stated below, a sentence of probation, financial sanctions, and community service is "sufficient, but not greater than necessary" to comply with the purposes of punishment.

**ARGUMENT**

Following *Booker*, the Court must impose sentence in accordance with 18 U.S.C. § 3553(a).  In particular, the Court must fashion a sentence "sufficient, but not greater than necessary" to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a)(2).  *Id.*; *see, e.g., Kimbrough v. United States*, 552 U.S. 85, 111 (2007) ("sufficient, but not greater than necessary" requirement is the "overarching instruction" of § 3553(a)); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

From the PSR, Mr. Powers' plea, his testimony in the Guillory trial, and the government's sentencing memorandum, the Court is aware of the nature and circumstances of his offense.  In addition, there is no dispute that the Guidelines offense level is 13, before consideration of a government motion for downward departure under U.S.S.G. § 5K1.1.  This memorandum focuses on Mr. Powers' acceptance of responsibility; his cooperation with the government since 2011; his character; and the sentences given to certain other defendants, a relevant factor under 18 U.S.C. § 3553(a)(6).

**I.      MR. POWERS' ACCEPTANCE OF RESPONSIBILITY.**

Two FBI agents appeared at Mr. Powers' home early on the morning of January 11, 2011. He agreed to speak with the agents.  In the course of that initial interview, Mr. Powers admitted to participating in "rounds" (secondary auctions) on a number of occasions in Contra Costa County. He described the rounding process in detail and identified the major players.  At the end of the interview, he told the agents he was willing to cooperate and answer additional questions.

**TIMOTHY POWERS SENTENCING MEMORANDUM**

From that day to the present, Mr. Powers has accepted responsibility for his actions at the foreclosure auctions. He has never denied what he did, or made excuses, or blamed others, or attempted to defend his conduct. He has forthrightly admitted his wrongdoing. His statement at ¶ 25 of the PSR reflects his attitude throughout the past six-plus years.

## II.     MR. POWERS' COOPERATION.

Within a week of the FBI's initial interview of Mr. Powers on January 11, 2011, he had retained counsel and, through counsel, contacted the government about cooperation. He was thus one of the first persons under investigation to express willingness to assist the government. After a delay while the government continued its investigation, Mr. Powers' offer led to a proffer interview on August 22, 2011. Following that proffer, the government advised counsel that it found Mr. Powers credible and acknowledged his unequivocal acceptance of responsibility.

At the end of September 2011, Mr. Powers signed his initial plea agreement. On November 15 and 16, 2011, the government interviewed him in detail over many hours. At or before the two-day November 2011 interview, Mr. Powers provided the government with a number of documents, including his handwritten notes of rounds in which he participated. On December 14, 2011, Mr. Powers entered his initial plea of guilty. He was among the earliest defendants to plead guilty.

Almost three years passed before the government sought Mr. Powers' further cooperation. On September 11, 2014, the government interviewed Mr. Powers for several hours. The interview covered a number of topics, documents, and defendants.

Another two years passed before Mr. Powers' next substantive contact with the government. On July 28, 2016, he met with the government for several hours to prepare for potential testimony in the Marr trial, which was then scheduled for September 2016. He had another Marr prep session on August 18, 2016, again lasting several hours. The Marr trial was then continued until May 2017.

On November 21, 2016, Mr. Powers met briefly with government counsel to review charts the government was planning to use in the Guillory/Joyce trial, which was scheduled for

TIMOTHY POWERS SENTENCING
MEMORANDUM

January 2017.  On January 9 and January 23, 2017, he met with the government to prepare for potential testimony in Mr. Joyce's trial (following severance from Mr. Guillory), but the government elected not to call him as a witness.  On March 27 and April 11, 2017, Mr. Powers met with the government to prepare for his testimony in the Guillory trial.  Mr. Powers testified in that trial on April 13, 2017 and was a credible and effective witness.

Mr. Powers' final meeting with the government was on May 3, 2017, in preparation for potential testimony in the rescheduled Marr trial.  The government ultimately decided not to call him as a witness in that trial.

To sum up:  Mr. Powers was at all times honest and cooperative.  He spent many hours with prosecutors and agents.  He provided documents memorializing rounds in which he participated.  He described wrongdoing by himself and others, but never falsely accused or exaggerated the role of anyone else.  He prepared to testify in three trials—Joyce, Guillory, and Marr—and testified in one.  In all respects, he provided outstanding cooperation.[1]

III.    MR. POWERS' CHARACTER.

The letters to the Court--some from people who have known Mr. Powers almost his entire adult life--describe his character.[2]  They portray him as a kind and honest man of faith who, apart from the conduct at issue here, has lived an exemplary life.  Especially noteworthy is his volunteer work.  Captain Judith Rockey of the Salvation Army describes his work as a volunteer chaplain at the Adult Rehabilitation Center.  Captain Rockey notes that Mr. Powers "has shown compassion, empathy, and caring for our men, and more importantly, he does not hesitate to share

---

[1] Mr. Powers cooperated in an unrelated local law enforcement investigation as well.  In 2017, he was contacted by a man who had illegally acquired a home and wanted to sell it to Mr. Powers.  Mr. Powers notified the homeowner and listing agent and later spoke with law enforcement.  He provided investigators with information, including a recorded telephone call with the defendant.  The Contra Costa County district attorney's office planned to call Mr. Powers as a witness in that matter in November 2017, but the defendant pleaded guilty shortly before trial.  The case is *State v. Justin Walker*, Case No. 05-171646-3 (Contra Costa County Superior Court).

[2] Mr. Powers has provided the letters to the probation officer and the government.  We understand that, in accordance with Local Crim. R. 32-5(a)(2), the probation officer has forwarded the letters to the Court.

his faith and hope with those who may have stopped believing in themselves, and given up all hope of a new beginning." She adds her plea that "if Community Service hours are part of the sentencing, that [Mr. Powers] be allowed to serve those hours with our organization."

Chaplain Liz Hamill Howard worked with Mr. Powers in the Intensive Care Unit at Kaiser Permanente Hospital in Walnut Creek in 2014. Together they counseled patients and families enduring "grievous suffering." She describes Mr. Powers' "[g]enerosity of time, energy, [and] emotional support" for all involved.

Other writers describe Mr. Powers' acts of kindness toward friends and family, especially in times of crisis. The letters leave no doubt that he is a fundamentally decent man, for whom the conduct at issue here is a complete aberration.

## IV.    THE SENTENCES OF OTHER DEFENDANTS.

The Court has sentenced a number of defendants already in this matter. We focus on three defendants--Tom Bishop, Doug Ditmer, and John Shiells--who provide useful points of comparison to Mr. Powers.[3]  The Guidelines offense level for all four defendants (including Mr. Powers) is 13. All four defendants cooperated and received a § 5K1.1 motion.

**Tom Bishop:**  Mr. Bishop pleaded guilty to a single count of bid-rigging. He received a sentence of three years' probation, without home detention; a $20,000 fine; and a restitution order for $11,079.60. He participated in the bid-rigging conspiracy from January 2008 until January 2011, somewhat longer than Mr. Powers, whose participation ran from May 2009 until December 2010. Mr. Bishop's volume of commerce was $1,118,443, somewhat less than Mr. Powers' volume, stipulated to be $2 million. Like Mr. Powers, Mr. Bishop acknowledged his participation in rounds during his initial interview with the FBI--also on January 11, 2011--and promptly offered to cooperate. He pleaded guilty in February 2014, more than two years after Mr. Powers' plea (which occurred in December 2011). Mr. Bishop testified in the Joyce and Guillory trials and prepared to testify in a third trial. In addition, he provided information on an unrelated "short sale" investigation. Thus, Mr. Bishop provided incrementally more cooperation than Mr. Powers,

---

[3] The information set out below concerning Messrs. Bishop, Ditmer, and Shiells is taken from the judgments and from the parties' sentencing memoranda.

TIMOTHY POWERS SENTENCING
MEMORANDUM

who testified in one trial, prepared to testify in two others, and assisted in an unrelated local law enforcement investigation, but their efforts are comparable.  In short, although some sentencing factors slightly favor Mr. Bishop and others slightly favor Mr. Powers, the two defendants are similarly situated and, under 18 U.S.C. § 3553(a)(6), should receive similar sentences.

**Doug Ditmer:**  Mr. Ditmer pleaded guilty to two counts of bid-rigging--one count for Alameda County and one count for Contra Costa County.  He received a sentence of three years' probation, without home detention; a $20,000 fine; and a restitution order for $91,144.  Mr. Ditmer participated in the two bid-rigging conspiracies from June 2007 until January 2011, about two years longer than Mr. Powers participated in the Contra Costa conspiracy.  His volume of commerce appears to have been about $2.9 million, greater than Mr. Powers' $2 million volume. Unlike Mr. Powers and Mr. Bishop, Mr. Ditmer initially falsely denied participating in rounds and destroyed a small number of round records.  He pleaded guilty in June 2012, a few months after Mr. Powers.  Following his plea, Mr. Ditmer provided extensive cooperation.  He testified in four trials and spent many hours being debriefed by the government.  Thus, Mr. Ditmer provided somewhat more cooperation than Mr. Powers, although--as described in detail above--Mr. Powers cooperated extensively.  As with the comparison to Mr. Bishop, some sentencing factors favor Mr. Ditmer and others favor Mr. Powers, but the two defendants are similarly situated for purposes of 18 U.S.C. § 3553(a)(6).  If anything, Mr. Powers' sentencing position--and his argument for a sentence of straight probation, without home detention--is stronger than Mr. Ditmer's, in light of his participation in one conspiracy rather than two, his participation for a shorter period of time, his smaller volume of commerce, his earlier cooperation, and the absence of false denials or other obstructive conduct.

**John Shiells:**  Mr. Shiells pleaded guilty to three counts of bid-rigging--one count each for Alameda County, Contra Costa County, and San Francisco County.  He received a sentence of three years' probation, with eight months of home detention; a $50,137 fine; and a restitution order for $275,389.  Mr. Shiells participated in the three bid-rigging conspiracies from June 2007 until January 2011, about two years longer than Mr. Powers participated in the Contra Costa

conspiracy.  His volume of commerce appears to have been about $5 million, more than twice Mr. Powers' $2 million volume.  Mr. Shiells did not plead guilty until July 2015, months after he had been indicted and more than three years after Mr. Powers pled.  Following his plea, Mr. Shiells cooperated with the government, although it does not appear that he testified at any trials.  His cooperation was thus far less extensive than Mr. Powers', both in duration and in impact.  As this summary shows, virtually every sentencing factor favors Mr. Powers by comparison with Mr. Shiells.  In fairness, therefore, Mr. Powers should receive a less onerous sentence--in particular, his probationary term should not include home detention, and his fine and restitution amounts should be less.

### CONCLUSION

For the foregoing reasons, we ask that the Court sentence Mr. Powers to probation, without home detention; that it impose a $20,000 fine and $31,068 restitution; and that it consider imposing a requirement of community service.

Dated:  December 13, 2017                          Respectfully submitted,

LAW OFFICE OF JOHN D. CLINE


By: _____/s/ John D. Cline_____
        John D. Cline


Attorney for Defendant
TIMOTHY POWERS

**TIMOTHY POWERS SENTENCING
MEMORANDUM**

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on the 13th day of December, 2017, I electronically filed the

3    foregoing with the Clerk of Court using the CM/ECF system.

4

5                                        /s/  John D. Cline
                                         John D. Cline
6                                        Attorney for Timothy Powers

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TIMOTHY POWERS SENTENCING
MEMORANDUM**