UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TIMOTHY POWERS,<br>Defendant. | Case No. 11-cr-00722-PJH-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION**<br><br>Re: Dkt. No. 48 |

Before the court is the motion of defendant Timothy Powers for early termination of probation pursuant to 18 U.S.C. § 3564(c). Dkt. no. 48. The government has filed a non-opposition to the motion for early termination, and the United States Probation Office does not object to early termination. Dkt. nos. 50, 51. Even in the absence of formal opposition or objections, defendant's motion for early termination of probation is DENIED for the reasons set forth below.

**BACKGROUND**

On December 14, 2011, Powers entered a guilty plea pursuant to a plea agreement, having waived indictment, to a two-count information charging bid rigging, in violation of 15 U.S.C. § 1, in Count One; and conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, in Count Two. On November 2, 2016, the court having approved a stipulation to withdraw the prior guilty plea and prior plea agreement, Powers entered a guilty plea to Count One pursuant to a plea agreement, and the court granted the government's motion to dismiss Count Two. On December 20, 2017, the court sentenced Powers to three years probation, $20,000 fine, $31,068 restitution, and $100

1 special assessment.

Powers has completed nearly one year and seven months of his three-year term of probation. He now seeks early termination of probation, arguing that he has complied with all conditions of his probation, with the exception of leaving the district for a 2-day trip in September 2018 without prior approval of his probation officer. His probation officer confirmed that Powers was forthcoming about his violation and was admonished, and that there have been no compliance issues since that occasion. Neither the Probation Office nor the government object to the motion for early termination.

**LEGAL STANDARD**

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (considering factors enumerated in § 3583(e) for early termination of supervised release). *See also United States v. Khan*, 2012 WL 2906590 (N.D. Cal. Jul. 13, 2012) (considering factors enumerated in § 3553(a) for early termination of probation). After considering those § 3553(a) factors, the court may "terminate a term of probation previously ordered and discharge the defendant at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c).

**DISCUSSION**

Powers seeks early termination of probation on the grounds that (1) he has served more than half of his three year term; (2) he has complied with the conditions of probation other than the instance of unapproved travel outside the district as stated above; (3) he has continued performing community service as was detailed in his sentencing memorandum; (4) the Probation Office does not object to early termination; and (5) the

2

government defers to the Probation Office and does not oppose early termination. Powers does not assert that there have been any extenuating circumstances since the time of sentencing in support of early termination, such as change in medical condition, personal circumstances, public service or livelihood.

Early termination is reserved for rare cases of extenuating circumstances or "'exceptionally good behavior.'" *U.S. v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007) (citing *U.S. v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)). While Powers has complied with the conditions of probation, other than the out-of-district travel incident, and has paid his monetary penalties, the court cannot characterize his performance as exceptional, as he has done only what he was required to do. While he is to be commended for complying for the most part with the conditions of probation, the court does not find that this positive conduct is sufficient to warrant termination of a three-year term of probation when seventeen months remain to be served.

The "overarching principle" of § 3553(a) is to craft a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. *See U.S. v. Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010) (citing *United States v. Booker*, 543 U.S. 220, 233 (2005) and *Kimbrough v. U.S.*, 552 U.S. 85, 101 (2007)). At the time the court imposed the sentence, the undersigned carefully considered the same § 3553(a) factors that are implicated in the request for early termination of probation, particularly the history and characteristics of the defendant. Powers has failed to demonstrate "exceptionally good behavior" or changed circumstances that would render the three-year probation term either too harsh or inappropriately tailored to serve general punishment goals. *See U.S. v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *Lussier*, 104 F.3d at 36).

Because Powers is one of 46 bid rigging defendants who were sentenced by the undersigned, the court provides the following guidance for the purposes of judicial economy and fair and consistent treatment among offenders who may seek early termination of supervision in the future. While early termination of probation generally is not warranted by compliance and good behavior alone, as a discretionary matter, the

court will consider requests for early termination that are submitted by the Probation Office, which is in a better position than the court initially to weigh suitability for early termination after considering an offender's history and conduct while on supervision and assessing the allocation of resources within that office in light of caseload and risk management. As noted in the Probation Office's response to Powers's motion here, the Probation Office utilizes the Post-Conviction Risk Assessment Tool (PCRA) to determine the risk of recidivism of an individual offender under supervision and to decide whether to put an individual on a "Low Intensity Supervision" caseload. Other considerations by the Probation Office include compliance with conditions, payment of monetary penalties, responsiveness to requests from the Probation Officer, preventative factors against further criminal conduct, and issues or circumstances that would require further monitoring or assistance from the Probation Office. With the understanding that the Probation Office has an evidence-based system in place for evaluating eligibility and suitability for early termination of supervision, the court will give strong weight to the Probation Office's recommendations for early termination when the Probation Office is the requesting party. The court is not inclined to grant motions for early termination of probation or supervised release that are brought by an individual defendant without a showing of extenuating circumstances or exceptionally good behavior above and beyond what is expected of an individual on supervision.

Here, the Probation Office did not recommend early termination for Powers who has nearly a year and half remaining on his term of probation, and he has not offered any extenuating circumstances or exceptional conduct to warrant early termination in light of the record. Accordingly, the motion for early termination of probation is DENIED.

**IT IS SO ORDERED.**

Dated: July 19, 2019

PHYLLIS J. HAMILTON
United States District Judge